

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 7, 2017

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEX SERVICES, LLC | § § | Case No. 17-50242-RLJ-11 |
| Debtor. | § § § | |

## THIRD AGREED ORDER GRANTING INTERIM USE OF CASH COLLATERAL AND SETTING FINAL HEARING ON USE OF CASH COLLATERAL

On this day, came on to be considered Debtor's Emergency Motion for Interim Use of Cash Collateral and To Set Final Hearing on Use of Cash Collateral ("Motion"). Upon consideration of the Motion, the record in this bankruptcy case and the arguments of counsel, if any, the Court grants the Motion on an interim basis, and enters the following findings of fact and rulings.

The Court **HEREBY FINDS** as follows:

A.  This is a core proceeding and this Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334 and 157, and 11 U.S.C. Sections 363. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

B. The Debtor, Dex Services, LLC, provides roustabout services in the oil and gas industry. To continue to perform these services, the Debtor has represented, and for the purpose of this Order only, the Court finds based on that representation that the Debtor has an immediate need for the use of cash collateral. The Debtor seeks to use the cash collected from pre-petition accounts receivable to pay for expenses such as fuel, utilities, insurance, parts and supplies, office expenditures, and labor in accordance with the third interim budget attached to this Order as Exhibit "A" (the "Budget").

C. Based on the representations of the Debtor, and only for the purposes of this Order, the Court finds that the continued interim use of cash collateral until the Court can have a final hearing on the use of cash collateral is justified and warranted in this matter. The Court finds that the notice and opportunity for hearing concerning the Court's consideration of the Motion is adequate under the circumstances.

D. Based on the representations of the Debtor, and only for the purposes of this Order, the Court finds that the Debtor has an immediate need for the use of cash collateral in order to avoid immediate and irreparable harm to the Debtor's estate, and use of cash collateral on an interim basis in accordance with the Budget attached to this Order is in the best interests of creditors and the Debtor's estate.

E. InterBank of Canadian, Texas asserts a security interest in various assets of the Debtor, including the Debtor's pre-petition accounts receivable. The IRS has also filed federal tax liens against the Debtor and by virtue of those tax liens asserts a lien against the Debtor's assets, including the Debtor's pre-petition accounts receivable. On account of the assets of the Debtor and the replacement liens granted in this Order, InterBank and the IRS will be adequately protected on the Debtor's interim use of cash collateral.

F. No finding made by the Court in this interim Order shall be binding on any party at any future matter and/or hearing, nor shall it prejudice the rights of any party as to future requests for cash collateral.

**IT IS THEREFORE ORDERED:**

1. The Debtor is authorized to use the cash collateral realized from the collection of accounts receivable on an interim basis and in accordance with and to pay the expenses set forth in the Budget. This authorization includes a line item variance of ten percent (10%) so long as the aggregate variance of all line items is not more than five percent (5%) of the total budget. Nonetheless, the Debtor may request a larger variance from the Budget than that allowed by this Order by directing to counsel for InterBank and the IRS via email a request for variance. Counsel for InterBank and the IRS shall then contact officials of their respective clients and shall attempt to respond promptly to a request. If the request is for Cash Collateral use of $2,500.00 or less, but greater than a ten percent variance, and is not approved or rejected by counsel for InterBank or the IRS at or before 5:00 p.m. on the third business day after delivery of the email communication, then the Debtor shall be authorized to use cash collateral pursuant to the request. The Debtor is limited to one such request per calendar week, provided however, InterBank and the IRS may in their discretion authorize a request more often than once a week if they so choose.

2. In order to allow InterBank and the IRS to properly monitor the Debtor's use of cash collateral, the Debtor agrees to provide counsel for InterBank and the IRS, on or before the 20th day of each month, copies of the monthly operating reports prepared on the forms specified by the U.S. Trustee's Office, copies of monthly bank statements including, but not limited to, cancelled checks and deposit slips, and copies of any and all monthly invoices. Upon opening of

debtor-in-possession bank accounts at a financial institution authorized by the U.S. Trustee's Office, the Debtor shall deposit all collections from pre-petition accounts receivable into the debtor-in-possession account ("DIP Account"). The Debtor shall pay out of the DIP Account only the expenses referred to in this Order and only by checks written, or withdrawals taken from the DIP Account. Until such time as the DIP Account is opened, Debtor is authorized to use its current checking account at InterBank to deposit all collections and to pay its expenses by check.

3. As adequate protection of InterBank's and the IRS's interest in the cash collateral in accordance with 11 U.S.C. §§ 361, 364(c)(2), 364(e) and 363(e) and applicable law, InterBank and the IRS are hereby granted a replacement like kind lien and security interest in the Debtor's post-petition accounts receivable generated by the Debtor's oilfield services operations in an amount equal to the amount of cash collateral used in accordance with 11 U.S.C. § 361(2) in the same priority and in the same nature, extent and validity as such liens, if any, existed pre-petition. To the extent a lien is created in accounts receivable, accruing or becoming the Debtors' property on a post-petition basis, such lien shall extend only to protect InterBank and the IRS for the amounts of cash collateral used on a post-petition basis to such post-petition assets. This Order shall be sufficient and conclusive evidence of the priority, attachment, and validity of all of the replacement liens, if any, and security interests, if any, of InterBank and the IRS granted herein, and the liens granted, created and/or ratified herein shall, by virtue of the entry of this Order be deemed fully perfected for all purposes without regard to state law which may otherwise require filing or recordation.

4. Both InterBank and the IRS are hereby permitted, but not required to file a certified copy of this Order in any filing or recording office in any county or state, but the entry of this Order constitutes valid liens without the necessity of creating, filing, recording, or serving any

financing statements or other documents that might otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate the adequate protection replacement liens granted herein to InterBank and the IRS in this Order and, in such event, the subject filing or recording officer is authorized to file or record a certified copy of this Order.

5. The adequate protection amount shall have priority in the Chapter 11 case or related bankruptcy case if this case is converted to Chapter 7 in accordance with the provisions of Section 507(b) of the Bankruptcy Code over all administrative expenses of the kind specified in Section 507(a) of the Bankruptcy Code. No costs or administrative expenses which have been or may be incurred in this bankruptcy case, in any conversion of this bankruptcy case, or in any proceeding related thereto, and no priority claims, including, without limitation, any super priority claims, are or will be prior to or on parity with InterBank's and the IRS's claim for the adequate protection amount.

6. Nothing in this Order shall limit, impair, waive or otherwise affect the rights of any of the parties to contest the nature, extent, validity, or priority of the liens or interests asserted by InterBank, the IRS, or any other party, in this bankruptcy case, and any findings in this Order are only interim findings for the sole purpose of allowing the interim use of the cash collateral as specified herein. Any reference in this order to "cash collateral" is neither an express nor implied finding as to the nature, extent, validity, or priority of the liens, if any, securing InterBank's or the IRS's claim.

7. The Debtor shall provide an accounting of the use of cash collateral to InterBank or the IRS within 48 hours from a written request from InterBank or the IRS.

8. This Order shall not prejudice InterBank and the IRS from requesting additional adequate protection by separate motion, nor shall this Order prejudice the Debtor from opposing

such motion.

9. The findings of fact and conclusions of law of this Court pursuant to this Order shall be deemed effective upon the entry of this Order. To the extent that such findings may constitute conclusions, and vice versa, they hereby are deemed as such. Such findings are solely for the purpose of this Order, which was entered upon an emergency basis, solely to allow the interim use of cash collateral as is necessary to maintain the Debtor's operations.

10. In the event that the Debtor shall breach the terms of this Order, including but not limited to expending cash collateral outside of the scope of the Budget, the use of cash collateral provided for under this Order shall terminate and the Debtor shall notify InterBank and the IRS of such breach within 24 hours.

11. In the event funds exist in the bank accounts of the Debtor as of the petition date which are not cash collateral, those non-cash collateral funds will be deemed expended first for the purposes of making payments pursuant to the Budget attached as Exhibit A.

12. This Order does not permit the use of cash collateral generated from the rent, lease or use of real property which is subject to a deed of trust lien.

13. The approval by this interim Order of any line item in the attached budget shall not prejudice any party from raising any objection to such line item for any allowable basis at any final hearing on the use of cash collateral. Additionally, and without limitation, any line item contained in the budget and approved by this interim order for the interim period for legal fees of the Debtor shall not be deemed an allowance of such fees and all parties reserve all rights to object to such fees at any future application for compensation which must be filed pursuant to the bankruptcy code.

14. Upon reasonable request, the Debtor shall provide reasonable access to its books

and records to InterBank, or its agents, for inspection during normal business hours and further permit InterBank, or its agents, to inspect and copy such records at InterBank's expense.

15. Upon reasonable request, the Debtor shall reasonably cooperate and reasonably accommodate InterBank with access to the Debtor's location for the purposes of inspecting collateral during normal business hours and in a manner that does not disturb the Debtor's normal operations.

16. The Debtor shall be entitle to utilize the asserted Cash Collateral of the IRS and to utilize the property in which the IRS has asserted a secured interest subject to the provisions of this Order under the following terms and conditions:

> (1) The Debtor shall file all past due tax returns, if any, (including, but not limited to, income, excise, employment, and unemployment returns) within 60 days of the entry of this Order and shall file such return with Mikeal Smith, Bankruptcy Specialist, IRS, Insolvency Group II, Stop: MC5026DAL, 1100 Commerce St., Dallas, Texas 75242. This deadline may be extended with the approval of Mikeal Smith for cause shown without need for further order of the court.
>
> (2) The Debtor shall file all post-petition federal tax returns on or before the due date, and shall pay any balance due upon filing of the return. Copies of these returns, during the pendency of this case, shall be sent to: IRS, Insolvency Group II, Stop: MC5026DAL, 1100 Commerce St., Dallas, Texas 75242, telephone (214) 413-5204, facsimile (888) 851-1227.
>
> (3) The Debtor shall, during the pendency of this bankruptcy case, provide proof of deposit of all federal trust fund taxes within seven (7) days from the date on which they are deposited. Proof of said deposit shall be sent to the IRS at: IRS, Insolvency Group II, Stop: MC5026DAL, 1100 Commerce St., Dallas, Texas 75242, telephone (214) 413-5204, facsimile (888) 851-1227.
>
> (4) Upon reasonable notice, the Debtor will, during the pendency of this case, permit the IRS to inspect, review, and copy any financial records of the Debtor at the IRS's expense.

17. Notwithstanding anything herein to the contrary, the relief granted under this Order is without prejudice to any rights of the Texas Comptroller of Public Accounts (the "Comptroller") to funds collected by Debtor that qualify as the State of Texas' trust funds. Any

liens or claims granted to any party under this Order are not valid or enforceable in relation to any funds which do not constitute property of the Estate but which qualify as the State of Texas' trust funds. The Debtor shall file all required tax returns and make payment of post-petition taxes owed to Comptroller on a timely basis as required by state law and by 28 U.S.C. §§ 959(b) and 960. If the Debtor continues to operate and collect sales tax post-petition, then within five (5) business days of the entry of this Order: (a) Debtor shall establish a separate bank account ("Sales Tax Account") at an approved depository institution into which all sales taxes collected by Debtor shall be deposited; (b) once the Sales Tax Account is established, Debtor will deposit all sales tax collected by it into the Sales Tax Account by transferring the sales tax collected out of its operating debtor-in-possession account ("Operating Account") within no more than three (3) business days after deposit into the Debtor's Operating Account; and (c) the Debtor will submit within three (3) business days of Debtor's receipt of the monthly statement for the Sales Tax Account a copy via email to counsel for the Comptroller at Courtney.hull@oag.texas.gov.

18. The Debtor shall not engage in operations or sales outside of the normal course of business or on terms materially different from pre-petition terms.

19. A hearing on the Debtor's request for continued use of cash collateral is *specially set* on Thursday, January 4, 2018, (the "Hearing Date") in the U.S. Bankruptcy Courtroom located in Room 314, 1205 Texas Avenue, Lubbock, Texas, at 2:00 p.m.

20. The Debtor's use of cash collateral pursuant to this interim Order shall terminate on the Hearing Date.

###END OF ORDER###

**APPROVED AS TO FORM AND CONTENT
AND ENTRY REQUESTED:**

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
e-mail: drl@mhba.com

/s/ Brad W. Odell
Brad W. Odell, SBN: 24065839
*Attorneys for Debtor, Dex Services, LLC*

-and-

HIGIER ALLEN & LAUTIN, P.C.

/s/ Jason T. Rodriguez (w/ permission)
Jason T. Rodriguez, SBN: 24042827
2711 N. Haskell Ave., Suite 2400
Dallas, Texas 75204
Telephone: (972) 716-1888
Facsimile: (972) 716-1899
jrodriguez@higierallen.com
*ATTORNEYS FOR INTERBANK*

-and-

JOHN R. PARKER
UNITED STATES ATTORNEY


/s/ Donna K. Webb (w/ permission)
Donna K. Webb
Assistant United States Attorney
SBT# 21024000
1100 Commerce St., Ste. 300
Dallas, Texas 75242
Telephone: (214) 659-8600
Facsimile: (214) 659-8807
donna.webb@usdoj.gov
*Attorneys for the United States of America (Internal Revenue Service)*

| Debtor: DEX Services, LLC | Month |
|---|---|
| **MONTHLY BUDGET** | Dec-17 |
| BEGINNING CASH BALANCE | 9,613.05 |
| **INCOME:** | |
| ROUSTABOUT SERVICE INCOME | 58,450.00 |
| LESS: SALES TAXES | (3,437.50) |
| LESS: TECOLOTE DISCOUNT | (1,169.00) |
| TOTAL SERVICE INCOME | 53,843.50 |
| SALE OF CAPITAL ASSETS | |
| NON-SERVICE INCOME | |
| TOTAL INCOME | 53,843.50 |
| **OPERATING EXPENSES** | |
| AUTOMOBILE EXPENSE | 500.00 |
| 1. FUEL | 1,700.00 |
| 2. GPS SERVICE | 899.00 |
| CONTRACT LABOR | 1,000.00 |
| DUES & SUBSCRIPTIONS | 230.00 |
| EMPLOYEE EXPENSE | 374.00 |
| INSURANCE EXPENSE | |
| 1. GL, AUTO, UMBRELLA, IM | 4,114.00 |
| 2. PROPERTY | 208.00 |
| MAINTENANCE/CLEANING | 440.00 |
| PARTS & SUPPLY | 1,500.00 |
| PAYROLL EXPENSES | |
| 1. NET PAYROLL | 30,801.00 |
| 2. PAYROLL TAXES | 3,552.45 |
| TELEPHONE EXPENSE | 1,152.00 |
| UTILITIES | 1,700.00 |
| TOTAL OPERATING EXPENSES | 48,170.45 |
| **ADEQUATE PROTECTION PAYMENTS** | - |
| INTERBANK, CANADIAN, TX | 1,000.00 |
| INTERNAL REVENUE SERVICE | 1,000.00 |
| TEXAS COMPTROLLER | 1,000.00 |
| TOTAL ADEQ. PROT. PAYMENTS | 3,000.00 |
| **REORGANIZATION EXPENSES** | |
| PROFESSIONAL FEES | 2,500.00 |
| U.S. TRUSTEE FEES | - |
| OTHER | - |
| TOTAL REORGANIZATION EXPENSES | 2,500.00 |
| TOTAL EXPENSES | 53,670.45 |
| NET CASH FLOW | 173.05 |
| ENDING CASH BALANCE | 9,786.10 |



EXHIBIT A