Channy F. Wood
Texas State Bar No. 00791954
Leslie Lowe
Texas State Bar No. 24073561
Wood Law Firm, LLP
P.O. Box 1439
Amarillo, Texas 79105
Telephone: (806) 372-9663
Facsimile: (806) 372-9663
Email: cwood@woodlawfirm-tx.com
***Attorneys for Erika Hernandez***

FILED

MAR 01 2018

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEX SERVICES, LLC, | § § | Case No. 17-50242-RLJ-11 |
| Debtor. | § § § | |

### MOTION TO LIFT AUTOMATIC STAY AND BRIEF IN SUPPORT

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-l(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE GEORGE MAHON FEDERAL BUILDING, 1205 TEXAS AVENUE, FROOM 306, LUBBOCK, TEXAS 79401-4002 BEFORE CLOSE OF BUSINESS ON MARCH 22, 2018, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE ROBERT L. JONES, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES ERIKA HERNANDEZ, Movant in the above-styled and numbered case (hereinafter **"Movant"**), and files this *Motion to Lift Automatic Stay and Brief in Support* against Debtor DEX SERVICES, LLC (hereinafter **"Debtor"**). In support hereof, Movant respectfully shows the Court as follows:

## I. INTRODUCTION

1. Movant asks this Court to lift the automatic stay with respect to Movant's state court civil action against the Debtor. Movant is advised of an applicable insurance policy to cover the claims of Movant against Debtor. Movant asks the Court to lift the automatic stay as it pertains to Movant's state court proceeding and allow Plaintiff Hernandez to pursue her remedies under state law in that case, liquidate her claims, and seek recovery from insurance funds or the funds from any liable third parties, if any, other than the Debtor.

## II. SUMMARY

2. Movant is the plaintiff in a civil action filed against Debtor in the case styled *Jose Hernandez and Erika Hernandez, Individually and as Next Friend of Daisy Hernandez, Jiovanni Hernandez, and Gisselle Hernandez, Minor Children v. Alexander Rivero-Tejeda, DEX Services, LLC, Brian Donald Bakken, and Perkins Motor Transport, Inc. d/b/a Perkins Specialized Transportation Contracting, Inc.*, which is currently pending in the 31st Judicial District Court of Wheeler County, Texas, Cause No. 13,152 (the **"State Court Suit"**). The State Court Suit was filed on March 3, 2015, and the Debtor answered the State Court Suit on or about March 26, 2015. A true and correct copy of the Plaintiffs' Original Petition and Debtor's Original Answer are attached hereto as Exhibits 1 and 2, respectively. The State Court Suit is a civil action where Movant has brought negligence claims against Debtor.

3. On or around September 30, 2017, Debtor filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No. 17-50242-RLJ-11.

4. Movant only became aware of the Debtor's bankruptcy filing approximately 2-3 weeks prior to the date of filing of this Motion and neither Movant's claims, nor the State Court Suit, are included in the Debtor's schedules and/or statement of financial affairs.

5. Movant is informed and believes that sufficient insurance coverage is available to cover her claims in the State Court Suit.

6. The parties in the State Court Suit have completed discovery. Trial is currently set for April 23, 2018.

7. Movant seeks relief from the automatic stay "for cause" under 11 U.S.C. § 362(d)(1) to proceed to pursue her remedies under state law, liquidate her claims, and seek recovery from insurance funds or the funds of other liable parties, if any, other than the Debtor.

### III. ARGUMENT

8. Section 362(d)(1) of the Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay "for cause." Such "cause" includes allowing an action to proceed to completion in another tribunal. *In re Armstrong & Guy Law Office, LLC*, Nos. 07-02459-EE, 07-02460-EE, 07-02461-EE, 07-02462-EE, 2007 Bankr. LEXIS 4394, at *3-5 (U.S. Bankr. S.D. Miss. 2007); *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984); *see also* H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977) ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."). Courts have developed twelve (12)

factors to examine when determining whether "cause" exists to modify the stay to allow litigation to proceed in another forum. *In re Armstrong & Guy Law Office, LLC,* 2007 Bankr. LEXIS 4394, at *3. They are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the balance of the harm. *In re Armstrong & Guy Law Office, LLC,* 2007 Bankr. LEXIS 4394, at *3-4; *In re Curtis,* 40 B.R. at 799-800. Not all of the factors will be relevant in every case. *In re Cook,* 232 B.R. 554, 557 (Bankr. D. Conn. 1999). In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so Movant can proceed with the State Court Suit.

### A. Lifting the Stay to Allow the State Court Suit to Proceed Will Completely Resolve the Issues Between Movant and Debtor.

9. By lifting the automatic stay and allowing the State Court Suit to proceed, the parties can completely adjudicate the issues between themselves. If the Court lifts the stay and allows the Movant to proceed and litigate her claims to a conclusion, the relationship between the Movant and the Debtor will subsequently conclude in the state court forum and outside of this bankruptcy proceeding. As a result, this factor weighs in favor of Movant.

### B. Lifting the Stay Will Not Interfere with the Bankruptcy Estate.

10. The State Court Suit will not interfere with the bankruptcy case or estate. Movant seeks to liquidate her claims in the State Court Suit in order to recover from Debtor's applicable insurance coverage and from other non-debtor sources, if any. Movant stipulates that she will only seek to recover from Debtor's applicable insurance coverage and possibly from other liable parties other than the Debtor. "Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant . . . . stipulate[s] that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990); *see also In re Todd Shipyards Corp.*, 92 B.R. 600, 604 (Bankr. D.N.J. 1988) ("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings"). This favor also weighs heavily in Movant's favor.

### C. Debtors Have Available Insurance Coverage.

11. The Debtor is insured against Movant's claims and the Debtor's insurance carrier is defending Debtor in the State Court Suit. Additionally, Movant only seeks to recover Debtor's applicable insurance coverage and possibly from other non-debtor sources.

### D. Lifting the Stay Will Not Prejudice Other Creditors.

12. Another factor that supports granting this Motion is that the State Court Suit will not prejudice the interests of other creditors. Movants will attempt to collect upon any judgment she is able to recover against Debtor solely from the applicable insurance proceeds and/or other non-debtor sources. Thus, the other creditors in the bankruptcy will not be harmed by granting this Motion as no funds available to the estate to pay to unsecured creditors will be paid to Movant. *See In re R. J. Groover Constr.,* 411 B.R. 460,465 (Bankr. S.D. Ga. 2008).

### E. Continuing the Automatic Stay Will Impose Substantial Hardships on Movant that Far Outweighs Any Hardships on Debtor.

13. Movant may effectively be harmed by delaying the State Court Suit. A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. *In re Bock Laundry Mach. Co.,* 37 B.R. 564,566 (Bankr. N.D. Ohio 1984). Debtor's insurance carrier has already assumed the defense and the parties have completed discovery. Any further delay will only hinder Movant's ability to present her case in the State Court Suit.

## IV. CONCLUSION

14. The interest of judicial economy will be served by lifting the stay to permit the State Court Suit to continue, and if, successful, proceed against the Debtor's insurance carrier and other liable parties, if any, for an award of damages. For the above reasons, the Court should grant Movant's Motion.

WHEREFORE, PREMISES CONSIDERED, Movant Erika Hernandez, prays that the Court enter an order lifting the automatic stay as to Movant so that she may be allowed to resolve Cause No. 13152 in the 31st Judicial District Court of Wheeler County, Texas, and for such other and further relief, at law or in equity to which she may show herself to be justly entitled.

Dated: March 1, 2018

>Respectfully submitted,
>
>Channy F. Wood
>Texas State Bar No. 00791954
>Leslie Lowe
>Texas State Bar No. 24073561
>Wood Law Firm, LLP
>P.O. Box 1439
>Amarillo, Texas 79105
>Telephone: (806) 372-9663
>Facsimile: (806) 372-9663
>
>By: /s/ *Channy F. Wood*
>*Attorneys for Erika Hernandez*

## CERTIFICATE OF CONFERENCE

I, Channy F. Wood, do hereby certify that I spoke to Mr. Brad Odell, counsel for the Debtors, on February 23, 2018. Mr. Odell was not opposed to the relief requested herein.

*/s/ Channy F. Wood*
Channy F. Wood

## CERTIFICATE OF SERVICE

I, Channy F. Wood, do hereby certify that a true and correct copy of the foregoing Motion was served by either court enabled electronic service or regular email upon the following listed parties on this 1st day of March, 2018.

Mitzi S. Mayfield  *VIA EMAIL*
   mmayfield@rineymayfield.com
W. Heath Hendricks
   hhendricks@rineymayfield.com
RINEY & MAYFIELD LLP
320 S. Polk, Suite 600
Amarillo, Texas 79101

*ATTORNEYS FOR DEFENDANTS
IN STATE COURT SUIT*

Brad Odell  *VIA EMAIL*
   bodell@mhba.com
MULLIN HOARD & BROWN, LLP
P.O. Box 2585
Lubbock, Texas 79408

*ATTORNEYS FOR DEBTOR*

*/s/ Channy F. Wood*
Channy F. Wood
